*1117 OPINION.
Green :
Among the assets of the decedent’s estate was the contract for the sale of the real estate and personal property to Morse. The total consideration named therein was $20,000. By the terms of the contract, $1,000 was paid in cash and the remainder was to be paid in equal semiannual installments of $250 each. The petitioners, in their estate-tax return, placed on this contract a value of $16,000. The respondent determined the contract to have a value of $18,488.20. No witness testified as to the value of the contract itself. The petitioner’s evidence establishes that the real estate thus sold had, at the time of the sale, a value of $10,000. There is no evidence in the record as to the value of the personal property, but an examination of the contract convinces us that this personal property did have a *1118 substantial value. Indeed, upon no other ground could the sale price of $20,000, the value of $18,488.20, as determined by the respondent, and the petitioner’s contention of a value of $16,000, be justified. Without evidence of the value of this personal property, it is impossible to determine the total value of the property sold under the contract, and we, accordingly, affirm the finding of the Commissioner in this respect.
The surrogate court has allowed executors’ commissions in the amount of $2,119 and attorney’s fees in the amount of $2,515, both of which are proper deductions under the provisions of section 303(a) (1) of the Revenue Act of 1924.
The petitioners contend that the full amount of the transfer tax paid to the State of New York should be allowed as a deduction from gross estate, in that it was a compulsory administration expense, which they were bound to pay under the laws of the State of New York, and was actually and necessarily incurred in the administration of the estate and was necessary before the executors could transfer the property to the beneficiaries. The deduction contended for is specifically denied in section 303 (a) (1) of the Revenue Act of 1924. The amount of any estate, inheritance, legacy or succession taxes actually paid to any State, is, however, allowed as a credit against the tax imposed by section 301 of the Revenue Act of 1924, but not to exceed 25 per centum of the tax so imposed. The respondent in his determination allowed the petitioners a credit of $187.06. Since the amount imposed by section 301, supra, will be changed by this opinion, the amount of the credit should be recomputed so as not to exceed one-fourth of the corrected tax liability.
By stipulation set forth in the deposition, it was conceded that the following items of miscellaneous administration expenses are deductible:
Granville Sentinel-$15. 60
John L. Mason, insurance_106. 43
Frank Patterson_ 5.25
Total-127.28
It is further stipulated that the following rental items should be included in gross estate:
Barnard Brothers-$31.00
S. O. Mason-1- 40.00
Taylor’s restaurant- 15.00
Treehouse- 50. 00
M. E. Rudd- 18. OO
Total 154. 00
*1119 It is further stipulated that the following miscellaneous items may be added to Schedule D-2:
War Savings stamp_$5. 00
Money due from George H. Norton-23. 41
Total_28. 41

Judgment will be entered under Rule SO.